## In re A MINOR CHILD

High Court of American Samoa
Trial Division

JUV No. 39-89
JUV No. 60-89

November 2, 1990

Before KRUSE, Chief Justice, TAUANU'U, Chief Associate Judge, and AFUOLA, Associate Judge.

Counsel: For Petitioner, Roger Hazell and Togiola T.A. Tulafono

The natural parents of a six year old minor have separately petitioned to voluntarily relinquish their respective parental rights to their child in order that she be made available for adoption by the child's paternal grandmother. The grandmother herself also filed a petition to terminate the rights of the parents to the child, alleging abandonment and neglect.

*Facts*

The child was born out of wedlock, although the natural parents were living together with the father's family prior to the birth of the child. Sometime after the child was born, the natural parents parted company. The father departed the territory and has been absent to this date. The mother subsequently went back to her own family while leaving the minor to the care of the maternal grandmother. The mother is now married with another young child. At the hearing, the natural mother explained her agreement to the adoption because she feels love for the grandmother who has been solely responsible for rearing the child. In response to questions by the Court, the mother, however, admits that she is able to take care of the child without any difficulty. She was also questioned whether there would be any complications with her raising the child, given her present status, and she replied that there would be none.

Of the natural father's present circumstances, we did not learn very much except that he has been with the United States Armed Forces and that he is reportedly now married and also raising a family. The natural father did sign his petition as well as a document styled "consent and waiver of appearance."

From the home study supplied by the Child Protective Services, Department of Human Resources, the Court is advised of the following: Grandmother is 67 years of age and a widow. She receives a very modest monthly income of $160.00 in the way of social security benefits and a stipend from the Territorial Administration on Aging (T.A.O.A.). She shares a home with another one of her sons, together with his wife and children. To a large extent, the grandmother and the minor are

dependent on this son's assistance. The case worker doing the home study also reports that the natural mother "does not anticipate any mistreatment as long as the child resides with grandmother."

*Conclusions*

For reasons given, each of the petitions are denied. We harbor no doubts about grandmother's present fitness and suitability to care and provide for the child. Nor do we have any doubts that the child's best interest and welfare are being served while she remains under the care of her grandmother. Indeed, a guardianship/custody order, under the Court's continuing jurisdiction, in favor of the grandmother would most certainly be warranted under the facts presented if such relief was being sought. Such a conclusion, however, only highlights the reality that the child's situation with her grandmother can only be a provisional arrangement. Here lies the problem with each of the petitions: none realistically addresses the child's future. Yet the termination of parental rights also has the effect of terminating a child's right to look to her parents for support, as well as the right to inherit. In the circumstances, it would be in the child's best interests and welfare that we leave her the option of looking to her parents in the future. The petitions are hereby denied.

It is so Ordered.